**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3156
_____

GUO ZUI ZHOU,
                                        Petitioner
v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                        Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A70-905-027)
Immigration Judge:  Honorable Donald Vincent Ferlise
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 13, 2011
Before:  SLOVITER, CHAGARES and WEIS, Circuit Judges
(Opinion filed: April 19, 2011)
_____

OPINION
_____

PER CURIAM.

        Guo Qin Zhuo, a native and citizen of the People's Republic of China,

entered the United States in 1992.  In 1993, he filed an application for asylum and

withholding of removal.  In 1997, the Government charged him with removability for

entering the county without being inspected or admitted, which Zhou conceded.  The

Immigration Judge ("IJ") denied his applications for relief from removal in 2001, and the

Board of Immigration Appeals ("BIA") dismissed Zhou's subsequent appeal and affirmed the IJ's decision on October 25, 2002. At that point, Zhou's order of removal became final; he did not appeal the BIA's decision.

On May 21, 2007, Zhou filed his first motion to reopen with the BIA. He sought to reopen proceedings so that he could adjust his status based on an approved I-140 employment-based immigrant petition. He relied on INA § 245(i) and Matter of Velarde, 23 I. & N. Dec. 253 (BIA 2002). The BIA denied the motion on the basis that it had been untimely filed and also declined to reopen the proceedings sua sponte on the basis that eligibility or potential eligibility for relief after the elapse of the time period for filing a motion to reopen does not constitute "exceptional circumstances." Zhou petitioned for review.

We denied his petition. See Zhou v. Attorney Gen. of the United States, 312 F. App'x 497 (3d Cir. 2009). We held that the BIA did not abuse its discretion in denying Zhou's motion to reopen because the motion was filed more than 90 days after the BIA's final decision and no exception to that deadline applied. See Zhou, 312 F. App'x at 499. We also concluded that the BIA's decision not to reopen Zhou's case sua sponte was beyond the scope of our review. See id. We also rejected Zhou's contention that the BIA did not sufficiently understand or discuss his claims. See id.

Zhou returned to the BIA with a second motion to reopen on June 2, 2010. Again citing INA § 245(i) and Matter of Velarde, he again asked for reopening that he could adjust his status based on an approved I-140 employment-based immigrant petition.

2

He also argued that his was an exceptional case meriting <u>sua</u> <u>sponte</u> reopening. The BIA denied the motion. The BIA explained that Zhou's filing was number-barred because it was his second motion to reopen and that the ordinary limit is one motion to reopen. The BIA also ruled that Zhou had not shown an "exceptional situation" that would warrant <u>sua</u> <u>sponte</u> reopening.

Zhou presents another petition for review. He argues that his motion to reopen was not time-barred. He alludes to the availability of equitable tolling and argues that he presented an exceptional circumstance to the BIA that merited reopening based on his motion or <u>sua</u> <u>sponte</u> reopening because he is the beneficiary of an approved labor petition. Zhou also contends that the BIA abused its discretion by ruling without showing that it had considered the evidence and equities of his case.

The Government argues that Zhou's motion was both time- and number-barred and that Zhou does not even challenge the BIA's holding that the motion was number-barred. The Government further contends that even if equitable tolling were available to circumvent the number bar, Zhou presents no basis for such tolling. For these reasons, and on the ground that Zhou's "exceptional circumstances" arguments to disregard the limitations on motions to reopen are without merit, the Government requests that we summarily deny Zhou's petition. The Government also asks us to dismiss the petition to the extent that Zhou challenges the BIA's discretionary decision not to exercise its authority to reopen Zhou's proceedings <u>sua</u> <u>sponte</u>. The Government further notes that we rejected Zhou's substantially similar previous petition for review.

3

Generally, we have jurisdiction to review a final order of removal pursuant to 8 U.S.C. § 1252(a)(1). However, certain denials of discretionary relief are outside our purview of review, including the BIA's decision to decline to exercise its discretion to reopen a case sua sponte. See 8 U.S.C. § 1252(a)(2)(B)(ii); Calle-Vujiles v. Ashcroft, 320 F.3d 472, 475 (3d Cir. 2003) ("Because the BIA retains unfettered discretion to decline to sua sponte reopen or reconsider a deportation proceeding, this court is without jurisdiction to review a decision declining to exercise such discretion to reopen or reconsider the case.") Accordingly, to the extent that Zhou challenges the denial of discretionary sua sponte reopening, we do not have jurisdiction over his petition.

Nonetheless, even in cases involving a discretionary denial of sua sponte reopening, we retain jurisdiction over constitutional claims and questions of law raised in a petition for review. See 8 U.S.C. § 1252(a)(2)(D). For instance, we may review Zhou's claim that the BIA abused its discretion by not showing that it considered the gist of his motion. We conclude that the claim is without merit. In this case, the BIA satisfied its requirement to show that it reviewed the record and understood Zhou's claims; it was "not required to write an exegesis on every contention." See Sevoian v. Ashcroft, 290 F.3d 166, 178 (3d Cir. 2002) (quotation omitted).

Ordinarily, we would also review the BIA's conclusion that Zhou's motion was number-barred. However, Zhou waived review of the issue by not raising it in his brief. See Lie v. Ashcroft, 396 F.3d 530, 532 n.1 (3d Cir. 2005). To the extent that he implicated it by arguing that he was entitled to equitable tolling, we conclude that a

4

challenge to the BIA's holding is without merit. Generally, an alien may file only one motion to reopen. See 8 U. S. C. § 1229a( c)( 7)( A) (listing an exception not relevant here). The motion to reopen was clearly Zhou's second. Perhaps the numerical limit is subject to equitable tolling. See Luntungan v. Attorney Gen. of the United States, 449 F. 3d 551, 557 & n. 15 (3d Cir. 2006). Even if it is, the BIA did not abuse its discretion in rejecting Zhou's general argument for tolling "in the interest of justice." See Seitzinger v. Reading Hosp. & Med. Ctr., 165 F.3d 236, 240 (3d Cir. 1999) (providing guidance on when equitable tolling is appropriate).

Also, as we have noted elsewhere, we can review the BIA's ruling on whether a petitioner has shown an "exceptional situation" or, stated otherwise, whether a petitioner has established a prima facie case for sua sponte relief. See Cruz v. Attorney Gen. of the United States, 452 F.3d 240, 250 (3d Cir. 2006). We also have jurisdiction to consider whether the BIA is ignoring limits it has placed on its own discretion in denying sua sponte relief (by, for instance, holding that it will always grant that exceptional relief for a particular reason). See id. To the extent that Zhou is making this type of argument, we must reject it on the merits. Unlike in Cruz, where there was evidence that the BIA was ignoring a general policy it had established, see 452 F. 3d at 246 n.3 & 249-50, there is no similar evidence in this case relating to allowing untimely or number-barred motions to reopen for potential adjustment of status. Cf. Calle-Vujiles, 320 F.3d at 475.

For these reasons, and for essentially the same reasons as we denied Zhou's previous petition (which raised substantially the same issues), we will deny Zhou's

5

petition for review.  However, we deny the motion for summary disposition that the Government filed with its brief.  We grant the Government's motion to dismiss the petition in part insomuch as we do not have jurisdiction over an appeal from a discretionary denial of <u>sua</u> <u>sponte</u> reopening, as we described above.